**Samie Law Firm**

**2414 S Garfield Avenue, Monterey Park, CA 91754**

**(818)-836-4976**

Attorney for Plaintiff, Timeless Production FZ LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMELESS PRODUCTION FZ LLC., A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY,**<br><br>        Plaintiff,<br><br>                v.<br><br>**HUSNIDDIN BOBOYEV AND JOHN DOE DEFENDANTS 1–10 (OPERATORS OF TRENDING FARM US A/K/A INSIDER TRENDING TV AND DYK REAL LIFE).**<br><br>        Defendant. | **Case No.: 5:25-cv-07059-NW** |

### [~~PROPOSED~~] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

This matter is before the Court on Plaintiff's Motion for an order authorizing alternate service of process on Defendant pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF __) (the "Motion"). Having considered the Motion, the supporting evidence, the applicable law, and the record as a whole, the Court hereby GRANTS the Motion for the reasons stated below.

1

[~~PROPOSED~~] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

This is a copyright infringement action arising from Defendants' alleged unauthorized reproduction, alteration, redistribution, and monetized re-uploading of Plaintiff's copyrighted audiovisual works published on Plaintiff's YouTube channels, including Tekniq and Fluctus. Plaintiff alleges that Defendants, operating the YouTube channels "Trending Farm US" (also known as "Insider Trending TV") and "DYK Real Life," copied Plaintiff's content, removed or altered copyright-management information, and monetized the infringing videos through YouTube's platform.

Defendants' true physical address is unknown. Plaintiff submits evidence that a DMCA counter-notification was submitted under the name "Christopher Benitez" and did not provide a usable and verifiable physical address for service. Because Defendants' address is not known, service through the Hague Service Convention is unavailable. Article 1 of the Hague Convention provides that the Convention does not apply where "the address of the person to be served with the document is not known." Volkswagenwerk AG v. Schlunk, 486 U.S. 694, 700 (1988).

Plaintiff seeks authorization to serve Defendants by electronic mail at boboyevhusniddin85@gmail.com and sofiaandreopoulou70@gmail.com. Plaintiff submits evidence that Google LLC produced subpoenaed records identifying these email addresses as channel-associated accounts used to access and administer the YouTube channels at issue.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs service of process upon individuals located outside the United States. Rule 4(f)(3) authorizes a court to permit service "by other means not prohibited by international agreement, as the court orders." The Rule stands on equal footing with subsections 4(f)(1) and 4(f)(2), and district courts possess broad

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

discretion to fashion alternative methods where traditional service is unavailable or impracticable. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir. 2002).

The Ninth Circuit has held that Rule 4(f)(3) imposes no hierarchy or sequential requirement; plaintiffs need not attempt Hague or foreign procedures before seeking leave to effect service electronically. *Rio Properties*, 284 F.3d at 1015.

To authorize service under Rule 4(f)(3), courts apply a two-step inquiry: (1) the proposed method must not be prohibited by international agreement; and (2) the method must be reasonably calculated to provide actual notice. *Rio Properties*, 284 F.3d at 1016; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Email service is widely accepted under Rule 4(f)(3), particularly where defendants operate online businesses, lack a verifiable physical address, and evidence confirms the defendant's use of the email address to manage the online accounts at issue. See, e.g., *Microsoft Corp. v. Goldah.com Network Tech. Co.*, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017); *Keck v. Alibaba.com, Inc.*, 2018 WL 3632160, at *4 (N.D. Cal. July 31, 2018).

## II.    DISCUSSION

Defendants' true address is unknown, and Plaintiff has submitted evidence that the address information available through Defendants' DMCA-related communications is not usable for service. Under Article 1 of the Hague Service Convention, the Convention does not apply where the address of the person to be served is not known. *Schlunk*, 486 U.S. at 700. Courts have recognized that where a foreign defendant provides false, incomplete, or unverifiable address information, Hague service is unavailable and alternative service is

3

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

appropriate. See, e.g., *Chanel, Inc. v. Zhibing*, 2010 WL 985286, at *3 (W.D. Tenn. Mar. 17, 2010).

Plaintiff has demonstrated that Defendants conduct the alleged infringing operations through monetized YouTube channels and rely on maintaining access to functioning Google/YouTube accounts. Plaintiff's evidence includes Google's subpoena response identifying boboyevhusniddin85@gmail.com and sofiaandreopoulou70@gmail.com as channel-associated email accounts used to access and administer the channels at issue. Plaintiff also provided evidence of successful test transmissions to these addresses, confirming deliverability and supporting the conclusion that service to these addresses is likely to provide actual notice.

The Northern District of California requires documentation linking the proposed service address to the defendant's actual online account. Plaintiff has satisfied this requirement through the evidentiary record submitted with the Motion, including Defendants' DMCA counter-notification materials and Google/YouTube subpoena production identifying the relevant channel-associated email accounts.

Given Defendants' failure to provide a reliable physical address, the absence of an available Hague mechanism, Defendants' exclusive reliance on online operations, and the verified link between Defendants' channel administration and the email addresses identified above, service via email is "reasonably calculated, under all the circumstances," to apprise Defendants of this action. *Mullane*, 339 U.S. at 314; *Rio Properties*, 284 F.3d at 1017. The Court finds that service by email is the method most likely to provide Defendants with actual notice of this lawsuit.

4

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

**ORDER**

Plaintiff's Motion for Alternative Service is hereby GRANTED.

Plaintiff is authorized to serve the Summons, Complaint, and all subsequent filings, motions, and discovery in this matter upon Defendant solely via email at: **boboyevhusniddin85@gmail.com** and **sofiaandreopoulou70@gmail.com**

Service shall be deemed complete upon transmission.

**IT IS SO ORDERED**

Dated:  June 5, 2026

United States District Judge

Northern District of California

GRANTED

Judge Noël Wise

5

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE